UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHAD HORNE,

    Plaintiff,

v.

STARBUCKS CORPORATION, a Washington corporation, and DOES 1 through 100, inclusive,

    Defendants.

No. 2:16-cv-02727-MCE-CKD

**MEMORANDUM AND ORDER**

Through the present action, Plaintiff Chad Horne ("Plaintiff") sues his former employer, Defendant Starbucks Corporation ("Starbucks), on grounds that he was discriminated against, and ultimately constructively discharged, due to his sexual orientation. Plaintiff alleges various claims premised on harassment, retaliation and discrimination in contravention of both California's Fair Employment and Housing Act ("FEHA") and public policy. Plaintiff further alleges wage and hour claims in violation of the California Labor Code. Although Plaintiff's lawsuit was initially filed in Placer County Superior Court, it was removed here on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332 and 1441.

///

Starbucks now seeks an order compelling arbitration under the terms of its Mutual Arbitration Agreement entered into by Plaintiff as a condition of his employment. Starbucks requests that this Court either dismiss or stay the present litigation pending arbitration. For the reasons stated below, Defendant's Motion to Compel Arbitration (ECF No. 9) is GRANTED.[1]

## BACKGROUND

### A. Complaint

Plaintiff began working as a barista for Starbucks in Auburn, California on April 12, 2016. He claims that throughout his employment with Starbucks, which lasted less than two months, he "was forced to endure an openly hostile work environment based upon his sexual orientation and/or his perceived sexual orientation." Pl.'s Compl, ¶ 8. He claimed that he was belittled and insulted based on his orientation and mannerisms and was told by his General Manager to "tone down" his affect. Id. at ¶¶ 10-14. Plaintiff states that two co-workers went so far as to push their bodies against him in a "physically threatening manner" which caused Plaintiff to "feel threatened and caused him to cry uncontrollably." Id. at ¶ 9.

On June 3, 2016, Plaintiff alleges he was told by Starbuck's Reginal General Manager that Plaintiff "had caused an uncomfortable work environment because he [could] not' control his behavior and mannerism.'" Id. at 15. Plaintiff was then sent home and states he decided the next day that he had "no other reasonable option but to terminate his employment" with Starbucks since he "could no longer tolerate the openly hostile work environment" to which he was subjected. Id. at 16.

On September 29, 2016, Plaintiff filed the instant lawsuit in state court. As indicated above, Starbucks proceeded to timely remove the case to federal court on

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

November 16, 2016. Citing its agreement with Plaintiff to arbitrate any disputes arising out of the course of his employment, Starbucks subsequently filed the present Motion to Compel on January 13, 2017.

**B.    Arbitration Agreement**

On or about October 1, 2014, Starbucks began implementing a requirement that, as a condition of employment, all new hires must agree to arbitrate any claims arising out of their employment. Decl. of Matthew Kennedy, ¶ 3. When Plaintiff submitted his online application for employment on May 1, 2016, he was expressly notified of that requirement. Id. at ¶ 7, Ex. C. After he received an offer of employment and before commencing work at Starbucks, Plaintiff was required to electronically sign a Mutual Arbitration Agreement which specifically encompassed any claims pertaining to compensation, harassment, discrimination, retaliation . . . accommodations or termination of employment." Id. at Ex. J

The Arbitration Agreement provided, in pertinent part, that 1) it was a Mutual Agreement to Arbitrate by Starbucks and the employee; 2) any arbitration would be governed by the rules of the American Arbitration Association; 3) Starbucks would pay all costs unique to arbitration; 4) a neutral arbitrator would be mutually selected by the parties; 5) the arbitrator would be required to issue a written ruling within 30 days following the conclusion of the arbitration hearing. Id. The Agreement further delineated the discovery to which each side would be entitled, which included three interrogatories, 25 requests for products of document, and "a maximum of two eight-hour days of depositions of witnesses." Id. The terms of the Agreement also authorized the arbitrator to decide any dispute related to discovery and empowered the arbitrator to allow additional discovery beyond that set forth above "upon a showing of substantial need by either party or upon a showing of an inability to pursue or defend certain claims." Id.

///

///

///

**STANDARD**

By its terms, Starbuck's Arbitration Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"). The FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in [the arbitration] agreement". 9 U.S.C. § 4.

Given this statutory directive, courts must compel arbitration in disputes covered by a legally binding arbitration agreement. <u>Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 218 (1985). Valid arbitration agreements must be "rigorously enforced" given the strong federal policy in favor of enforcing arbitration agreements. <u>Perry v. Thomas</u>, 482 U.S. 483, 489-90 (1987) (citation omitted). To that end, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts <u>shall</u> direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 218 (1985) (emphasis in the original). In deciding whether to compel arbitration proceedings under the FAA, the court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does (2) whether the agreement encompasses the dispute at issue." <u>Cox v. Ocean View Hotel Corp.</u>, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotations marks omitted).

In determining the validity of an agreement to arbitrate, the district court looks to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration." <u>Wagner v. Stratton Oakmont, Inc.</u>, 83 F.3d 1046, 1049 (9th Cir. 1996). The California Supreme Court has held that an arbitration agreement may be unconscionable unless it includes basic procedural and remedial protections so that a claimant can effectively pursue his or her rights. <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>, 24 Cal. 4th 83 (2000). According to the

Armendariz court, a valid employment arbitration agreement must 1) provide for a neutral arbitrator; 2) provide for more than minimal discovery; 3) require a written award; 4) provide for all of the types of relief that would otherwise be available in court; and 5) not require employees to pay either unreasonable costs or any arbitrator's fees or expenses as a condition of access to the arbitration forum.  Id. at 102.

## ANALYSIS

Citing its Mutual Arbitration Agreement with Plaintiff, Starbucks moves to compel arbitration of this matter and accordingly requests that this Court either dismiss or stay these proceedings in order to permit the agreed-upon arbitration to occur.  In opposition, Plaintiff does not dispute that he agreed to arbitrate or that the Agreement applied to his particular claims against Starbucks.  Instead, he maintains only that the Agreement is "unenforceable and substantively unconscionable because Defendant's Arbitration Agreement fails to meet the minimum discovery requirement under California Supreme Court precedent." Pl.'s Opp., 3:3-5.  Citing Armendariz, Plaintiff argues that 'adequate discovery is indispensable for the vindication of FEHA claims" and that employees "are at least entitled to discovery sufficient to adequately arbitrate their statutory claims, including access to essential documents and witnesses." Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th at 104, 106.  He claims that the discovery contemplated by Starbucks' Arbitration Agreement, which as stated above includes three interrogatories, up to twenty-five requests for production of documents, and "a maximum of two eight-hour days of depositions of witnesses " fails to satisfy that minimum standard.[2]  Plaintiff primarily objects to the limitation on depositions, stating that just deposing Starbucks witnesses on company policy "will require more than two depositions" and that once fact witnesses are deposed Plaintiff will need to take at least

---

[2] Plaintiff does not take issue with the other four Armendariz requirements as set forth above.

5

eight depositions. Pl.'s Opp., 9:25-10:4.[3]  Plaintiff makes these arguments despite the fact that he worked for Starbucks for less than two months.

First, in the Court's view Plaintiff misreads the Arbitration Agreement's provisions concerning permissible depositions.  Plaintiff is not limited to two depositions; instead, under the express terms of the Agreement he can take as many depositions as he wants over the course of two eight-hour days in which depositions proceedings are held.  Additionally, while Plaintiff cites cases finding that discovery limitations in the context of an arbitration agreement can be unconscionable, those cases are distinguishable.  One of those decisions, Fitz v. NRC Corp., 118 Cal. App. 4th 702 (2004), involves a twenty-year employee and an explicit limitation of two depositions (not two eight-hour days of depositions as involved here).  Particularly since the arbitration agreement examined by the court in Fitz only permitted augmentation of discovery upon a showing of "compelling" need, the court found the provisions to be unconscionable.[4]  Here, on the other hand, discovery can be increased by making a less rigorous showing of "substantial" need to the mutually selected arbitrator.  Significantly, in Sanchez v. CarMax Auto Superstores California, LLC, 224 Cal. App. 4th 398, 404-05 (2014), an arbitration agreement was approved even though it provided for less discovery than that generally authorized by the California Code of Civil Procedure, where the agreement gave parties the right to apply for additional discovery based on "substantial" need.[5]

Another case cited by Plaintiff in support of his position, Ontiveros v. DHL Express, 164 Cal. App. 4th 494 (2008), is equally inapposite.  That case was brought by a six-year employee who claimed to have been subject to harassment over four years at

---

[3] Plaintiff secondarily objects to the limitation on interrogatories, stating that with ten causes of action, "it is beyond reproach" that he will need more than three requests.  Id. at 10:6-8.

[4] The court's statement that "granting the arbitrator discretion to determine whether additional discovery is necessary . . . is an inadequate safety valve," id. at 717, must be considered with this context in mind.

[5] A subsequent Ninth Circuit case, Poublon v. C.H. Robinson, 2017 WL 461099 at * 13 (9th Cir. Feb 3, 2017) discussed CarMax in reaching the conclusion that discovery limitations were not per se unreasonable where the arbitration agreement permitted the arbitrator to authorize more discovery on "a substantial showing of good cause".  Id. at 28.

two different job sites. Id. at 513-14. The agreement examined by Ontiveros permitted only a single fact deposition along with expert depositions, again a far cry from the present case where multiple witnesses can be deposed over the course of two eight-hour days. Perhaps even more significantly, however, in both Fitz and Ontiveros the courts were addressing employees who had served lengthy periods of employment as opposed to Plaintiff, whose tenure with Starbucks lasted less than two months.

Finally, it must also be noted that in a recent order by the Central District of California, Rezaeian v. Starbucks Corporation, et al., Case No. 2:16-cv-0727-JAK-AS, ECF No. 21 (C.D. Cal. Feb. 8, 2017), a copy of which is attached to the Declaration of Danielle Ochs in support of Starbuck's reply herein, similar objections on unconscionability grounds to the same discovery provisions in exactly the same Starbucks Mutual Arbitration Agreement were rejected.

In this case, the Court cannot say that Plaintiff's brief period of employment will necessarily give rise to the need for any discovery beyond that expressly permitted in the Arbitration Agreement. Moreover, should additional discovery be required, the fact that the arbitrator is empowered to issue such an order upon a showing of "substantial" need mitigates any claim that Plaintiff cannot fairly litigate his case. Since this is the only grounds voiced by Plaintiff in opposition to Starbuck's present motion, arbitration will be compelled as requested.

Having decided to compel arbitration, the only remaining question for the court to decide is whether to dismiss this case in light of the agreement to arbitrate, or to instead issue an order staying the proceedings until arbitration proceedings have been concluded. While the FAA gives the courts authority to grant a stay pending arbitration (Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988), as Starbucks points out that does not preclude simply dismissing the case should dismissal be deemed appropriate. See id. (expressly finding that the FAA, at 9 U.S.C. § 3, while permitting a stay does not preclude dismissal); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that district court may dismiss, rather than

stay, a case where all the claims must be submitted to arbitration). Since Plaintiff has made no argument here that all his claims are not encompassed by the Mutual Arbitration Agreement, and since the Court finds the provisions of the Agreement to cover all of said claims, dismissal as opposed to a stay is proper.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Compel Arbitration (ECF No. 9) is GRANTED. Because the Court finds that all of Plaintiff's claims come within the scope of his agreement to arbitrate, the Court further GRANTS Starbuck's request to dismiss the action now that arbitration has been compelled. This action is accordingly DISMISSED, without prejudice, and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 29, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE